**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**MARYLAND NATIONAL CAPITAL PARK AND PLANNING COMMISSION, Defendant.**

**Civ. A. No. R–86–3218.**

United States District Court, D. Maryland.

July 8, 1987.

Isaac Joe, Jr., E.E.O.C., Baltimore Dist. Office, Baltimore, Md., for plaintiff.

Arthur S. Drea, Jr., Gen. Counsel, D.S. Sastri, Darlene W. Powell, Associate Gen. Counsels, The Maryland–Nat. Capital Park and Planning Com'n, Hyattsville, Md., for defendant.

## MEMORANDUM AND ORDER

RAMSEY, District Judge.

Before the Court is defendant's motion to dismiss. The motion has been fully briefed and responded to, and the Court now rules without need for a hearing, pursuant to Local Rule 6(G) (D.Md.1987).

Plaintiff Equal Employment Opportunity Commission (EEOC) alleges that the Employees' Retirement System (the Plan) of defendant Maryland National Capital Park and Planning Commission (M–NCPPC) violates the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, by denying disability benefits to older disabled employees while providing such benefits to younger disabled employees.

Defendant's Employees' Retirement System provides three formulas for calculating disability benefits and a different two formulas for calculating retirement benefits for nondisabled employees. The Plan provides that when disabled employees reach their "normal retirement date" their disability benefits are replaced by "normal retirement benefits," switching from the disability benefits formulas to the retirement benefit formulas. The Plan defines the "normal retirement date" as the earlier of when an employee reaches both age 60 and 5 years of employment, or when the employee completes 30 years of employment, or, for Park Police, when an employee reaches age 55 or has both reached age 46 and completed 25 years of service as a member of the Park Police. This retirement is not mandatory.

The grant of a motion to dismiss under Rule 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must view the complaint in the light most favorable to the plaintiff and take plaintiff's allegations to be true. *Westray v. Porthole, Inc.,* 586 F.Supp. 834, 836 (D.Md.1984), 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 (1969).

ADEA generally forbids discrimination based on age. Defendant's principal contention is that the provisions of its Plan fall within the exemptions authorized by Section 4(f)(2) of the Act, 29 U.S.C. § 623(f)(2), which provides:

(f) It shall not be unlawful for an employer ...

(2) to observe the terms of a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this chapter, except that no such employee benefit plan shall excuse the failure to hire any individual, and no such seniority system or employee benefit plan shall require or permit the involuntary retirement of any individual specified by section 631(a) of this title because of the age of such individual.

Defendant's Plan may be bona fide and not a subterfuge. It appears to be a genuine attempt to provide supplemental benefits for disabled employees until the time they would otherwise have retired (which

cannot be determined individually since the disabled employees are already retired), and then treat them like nondisabled employees for the purpose of retirement. It does not involuntarily retire anyone, because the concerned individuals have already retired due to their disability. Defendant's position is supported by the fact that 5 out of 12 of the disabled employees actually received increased benefits when they were switched to the "normal retirement" formula. However, on its face, defendant's Plan discriminates among disabled employees based on age.

Defendant bears the burden of establishing a § 4(f)(2) defense. *E.E.O.C. v. Baltimore and Ohio R.R. Co.*, 632 F.2d 1107, 1110 (4th Cir.1980), *cert. denied*, 454 U.S. 825, 102 S.Ct. 113, 70 L.Ed.2d 98 (1981). While further evidence may bear out defendant's claim—evidence of cost justification, for example, *see* 29 C.F.R. 860.120(a) —the Court cannot find at this point that plaintiff can prove no set of facts that would entitle it to relief.

The other grounds defendant advances in support of its motion are more easily disposed of. Defendant's reliance on *United States v. McMann*, 434 U.S. 192, 98 S.Ct. 444, 54 L.Ed.2d 402 (1977), is misplaced in light of Congress's 1978 amendment to § 4(f)(2). *E.E.O.C. v. Westinghouse Electric Corp.*, 632 F.Supp. 343, 368 (E.D.Pa. 1986), *appeal pending on other grounds* (3d Cir.). Reliance on *McMann* is particularly unfounded because defendant has modified the Plan at least three times since 1978. *Westinghouse*, 632 F.Supp. at 368.

■ Defendant also argues that, because the Plan is a contract, parties to the contract are estopped from asserting that it violates ADEA. Judge Harvey and Judge Miller of this Court have both rejected that argument. Private contracts cannot waive statutory rights in contravention of the policy of the statute. *Johnson v. Mayor of Baltimore*, 515 F.Supp. 1287, 1294 (D.Md. 1981) (Harvey, J., concerning ADEA), *rev'd on other grounds*, 731 F.2d 209 (4th Cir. 1984); *Chastang v. Flynn and Emrich Co.*, 365 F.Supp. 957, 968 (D.Md.1973) (Miller, J., concerning Title VII), *aff'd in perti-*

*nent part, rev'd in part*, 541 F.2d 1040 (4th Cir.1976).

Accordingly, it is this 8th day of July, 1987, by the United States District Court for the District of Maryland,

ORDERED:

1. That defendant's motion to dismiss is DENIED: and

2. That the Clerk of the Court shall mail copies of this Memorandum and Order to all counsel of record.